POOL V KIRKLAND



 NO. 07-01-0365-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D


 

JANUARY 31, 2002


______________________________



JERRY POOL
,




 Appellant


v.



KIRKLAND CONSTRUCTION CO. and 


KIRKLAND CONSTRUCTION, R.L.L.P., 




 Appellees

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 84-613-B; HON. JOHN B. BOARD, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, J.J.

 Jerry Pool (Pool) appeals from a final summary judgment. Via his sole point of
error, he contends that the trial court erred in granting same in favor of Kirkland
Construction Company and Kirkland Construction, R.L.L.P. (collectively referred to as
Kirkland). This is allegedly so because Kirkland "failed to uphold his burden of showing
that [Pool] was not terminated for his job because he filed a worker's compensation claim." 
We affirm the summary judgment.


Standard of Review


 The standards of review applicable to traditional and no evidence motions for
summary judgment are well-settled. Rather, than discuss them at length now, we simply
cite the parties to Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex.
1985) and Kimber v. Sideris, 8 S.W.3d 672, 675 (Tex. App.--Amarillo 1999, no pet.) for a
general explanation of same. 

 Next, the movant requesting judgment is free to assert as many grounds as he
chooses. Should he raise several and the court fail to state upon which it relied in granting
relief, an additional obstacle confronts the non-movant. It falls upon the latter, on appeal,
to address each ground asserted and establish why it was insufficient to support judgment. 
Miller v. Galveston / Houston Diocese, 911 S.W.2d 897, 899 (Tex. App.-Amarillo 1995, no
writ); Lee v. Levi Strauss & Co., 897 S.W.2d 501, 504 (Tex. App.--El Paso 1995, no writ). 
Failing to do this entitles the reviewing court to affirm on any unaddressed ground. Miller
v. Galveston / Houston Diocese, 911 S.W.2d at 899.

Application of Standard


 At bar, Kirkland alleged a myriad of grounds for summary judgment. Two invoked
the "no evidence" provision of Rule 166a(i) of the Texas Rules of Civil Procedure. Through
them, Kirkland averred that there existed no evidence that 1) Pool was wrongfully
terminated, 2) Kirkland unlawfully discriminated against Pool "in connection with [Pool's]
employment," 3) Kirkland "'attempted to prevent [Pool] from receiving medical treatment
. . .,'" as alleged by Pool, 4) Kirkland "wrongfully discriminated against [Pool] by refusing
to assist [Pool] in filling out certain disability insurance papers," as asserted by Pool, and
5) Pool "sustained any damages for loss of wages and benefits, inconvenience, or mental
anguish as [Pool] claimed . . . ." So too did the movant contend that "as a matter of law 
. . . [Pool] . . . sustained no compensable damages caused or contributed to by the alleged
conduct of" Kirkland. And, in support of this ground, Kirkland cited to summary judgment
evidence attached to its motion. 

 On appeal, however, none of the foregoing grounds were addressed or rebutted in
any way by Pool. He did not argue that he had presented some evidence sufficient to
rebut the allegations of Kirkland and establish his cause of action. See Kimber v. Sideris,
8 S.W.3d at 675 (stating that it is the non-movant's burden to present some evidence
establishing a question of material fact to defeat a no-evidence motion for summary
judgment). Nor did he assert that the allegations of Kirkland did not warrant summary
judgment irrespective of whether he presented some evidence. Instead, he merely argued
that his opponents failed to prove that he was not terminated for pursuing a worker's
compensation claim, i.e., that Kirkland discharged him for a legitimate, non-discriminatory
reason. More importantly, this is fatal to his appeal because the trial judge did not specify
in its summary judgment the grounds upon which it acted. Thus, Pool had the burden on
appeal to illustrate why none of the grounds encompassed in Kirkland's motion warranted
summary judgment, and because he did not, we must affirm on the grounds which went
unaddressed. Miller v. Galveston / Houston Diocese, supra. 

 Accordingly, we affirm the summary judgment. 


 Brian Quinn

 Justice


Do Not Publish.